RECEIVED
BY MAIL
NOV 0 1 2004
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

STEVEN LAMARRE HOLBROOK

PETITIONER,

V.

UNITED STATES OF AMERICA

RESPONDENT.

Crim. Case No. 01-357(ADM)

**RULE 52(b) PLAIN ERROR MOTION AND**
**WRIT OF ERROR CORAM NOBIS** with exhibits

COMES NOW, Petitioner, Steven L. Holbrook, proceeding as a Pro 'se litigant, and respectfully filing the above-styled motion as a Rule 52(b) Plain Error and a Writ of Error Coram Nobis, which provides this court with jurisdiction and authority to entertain the above-styled motion. This court was obligated to protect the Petitioner, Steven L. Holbrook's substantial rights that were violated on May 24, 2002. Particularly due to the fact that Petitioner's **"Due Process" (Fifth Amendment) and Right to Effective Assistance of Counsel** was violated during sentencing **(Sixth Amendment).**

Petitioner's constitutional rights were violated and the Petitoner, Steven L. Holbrook was **"Illegally Sentenced"** without the court considering several "essential and pertinent mitigating factors" that would have warranted a different and more appropriate sentence. The court should have ordered the Petitioner a psychological evaluation under Rule 12.2(c)(1)(A). Moreover, when the sentencing court sentenced Steven L. Holbrook, it should have been under **5K2.13 Diminished Capacity**. (Policy Statement) United States

SCANNED
U.S. DISTRICT COURT ST. PAUL

FILED NOV 0 1 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________
#33

Sentencing Commission Guidelines Manual. The Petitioner will provide this court with Documents that will clearly show the court that at the time Petitioner, Steven L. Holbrook, committed the crime; (1) He was suicidal; (2) He was Bi-Polar Diagnosed; (3) He was emotionally disturbed; (4) He was suffering from anger problems; (5) He had quit taking prescribed medication "Zoloft" and "Trazecbne", Bi-Polar medication; and (6) He had a chemical dependence to "cocaine base", which caused "Paranoia and Hallucinations.

The Petitioner will prove each of these facts and circumstances should have been brought to the court's attention to be recognized and considered at sentencing. However, because they were not, several constitutional and substantial rights violations occurred at sentencing in this particular case at bar, which should be corrected in accordance with **Glover v. United States**, 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001) e.g., **Alanis v. United States**, 351 F.3d 365, 367, 368 (8th Cir. 2003). **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); cf **Reagan v. Norris**, 279 F.3d 651, 657 (8th Cir. 2002). Due to the fact that Petitioner, Steven L. Holbrook was "sentenced Illegally" and was not aware that a "Downward Departure" war warranted under Part K - Departure § 5K2.13, (Diminished Capacity) (Policy Statement) United States Sentencing Commission Guidelines Manual, which is what this Rule 52(b), Plain Error Motion and Writ of Error Coram Nobis is about. This Court has Jurisdiction and authority to entertain this motion. See **Hendrix v. Norris**, 81 F.3d 805 (8th Cir. 1996). And can correct these "Illegal sentences after considering these unusual facts and circumstances."

## SUMMARY OF THE CASE

The Petitioner, Steven L. Holbrook, was indicted for a Bank Robbery, in violation of 18 U.S.C. § 2113(A), on November 20, 2001. The Petitioner plead guilty on February 5, 2002 in a Plea Agreement and Sentencing Stipulation. See (**Exhibit #1**), **Plea Agreement**, By: Clifford B. Wardlaw, Asst. U.S. Attorney [Attorney I.D. No. 183908]. The Pre-sentence Report was done on April 8, 2002. See (**Exhibit #2**). The Petitioner's objection and proffer was submitted to the court on May 20, 2002. See, (**Exhibit #3**). The Petitioner, Steven L. Holbrook, was sentenced on May 24, 2002. The Petitioner and the Government waived their right to appeal the sentence imposed under the statutes pertaining to sentencing guidelines if this agreement is adopted by the Court. See: **Plea Agreement (Exhibit #1).** However, the Petitioner, Steven L. Holbrook, has filed two motions and withdrew them at the advice of the Court. See, **(Exhibit(s) #4 and #5)**.

## ARGUMENT

1. The petitioner, Steven L. Holbrook, comes before this Court in accordance to Rule 52(b), Plain Error of the Federal Criminal Code and Rule:

> **"Plain Error that affects substantial right may be considered even though it was not brought to the court's attention."**

The Petitioner, Steven L. Holbrook, was sentenced on May 24, 2004 illegally and his Due Process Rights were violated due to the fact that the Court failed to consider whether or not he was mentally coherent. Nor did the Court consider the Petitioner's mental history record that would have displayed the Petitioner,

Steven L. Holbrook, committed this crime while at the same time attempting to commit "**suicide.**" See, **(Exhibit #2)**, **Pre-sentence Report**, paragraph #52, which states the following:

> She believes that;
>
> **"at the time of the instant offense, the defendant was suicidal and he hoped that he would be killed by the arresting officers."**

Moreover, the Petitioner, Steven L. Holbrook, has a history of "Mental Unstability" by being diagnosed with **"Bi-Polar Disorder."** See, **(Exhibit #2)**, **Pre-Sentence Report**, paragraph #56:

> **"The defendant further reports that he completed a psychological assessment during his incrceration at the Minnesota Correctional Facility - Still Water in 1991, and was diagnosed with Bi-Polar disorder."**

Furthermore, the Petitioner, Steven L. Holbrook, has a record of being **"Emotionally disturbed"** and has been treated for **"Anger Problems."** See, **(Exhibit #2)**, **Pre-Sentence Report**, paragraph #58:

> **"Records indicate the defendant completed a 16-session anger mangement program while incarcerated at the Minnesota Correctional Facility Faribault, on February 11, 1998."**

In the Pre-Sentence Investigation Report, at paragraph #59, it states that the Petitioner, Steven L. Holbrook, was prescribed **"Zoloft"** and **"Trazedone"** for his **"Bi-Polar"** disorder, in 1995. See, **(Exhibit #2)**, **Pre-Sentence Report**, paragraph #59.

Therefore, because of these essential and pertinent mitigating factors, the Petitioner, Steven L. Holbrook, should have received a psychological evaluation under Rule 12.2(c)(1)(A), in order for the Court to determine if the Petitioner qualified for a "Downward Departure" under Part-K of the United States Sentencing Commission Guidelines Manual. 5K2.13, Diminished Capacity,

(Policy Statement):

> **"A sentence below the applicable guidelines range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity."**

(<u>Application Note</u>):

> **"Significantly reduced mental capacity means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behaviour that the defendant know is wrong."**

The Petitioner, Steven L. Holbrook, was mentally demented at the time of committing this crime and was anticipating and expecting death to be the outcome of this crime. Had the Court provided the Petitioner, Steven L. Holbrook, the opportunity to subpeopna the records of his long history of mental illness and provide witnesses on his behalf at sentencing, there would have been a different outcome in the proceedings. Due the facts and circumstances of the Petitioner having; (1) Bi-Polar disorder; (2) Suicidal tendancies; (3) Emotional and Anger problems; (4) chemical Dependence; and (5) Petitioner, Steven L. Holbrook, had quit taking medication "Zoloft" and "Trazedone." These facts would have permitted the Court to find the Petitioner was psychologically qualified for the downward departure under Part-K, Diminished Capacity, under the United States Sentencing Guidelines Manual.

2. **<u>INEFFECTIVE ASSISTANCE OF COUNSEL. SIXTH AMENDMENT VIOLATION</u>.** The Petitioner Steven L. Holbrook, provides this court with jurisdiction and authority in accordance with the Writ of Error Coram Nobis to hear the Second and last issue.

The four (4) basic requirements that must be satisfied to

qualify for Coram Nobis relief are: (1) A more usual remedy is not available; (2) Valid reason exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article !!!; and (4) the error is of the most fundamental character.

Wherefore, the Petitioner, Steven L. Holbrook, will prove his attorney, Manny K. Atwal: 1. Failed to present mitigating factors of the Petitioner's mental illness that would have required the court to consider him for a downward departure under the Federal Sentencing Guidelines; 2. Failed to request a psychological evaluation in accordance with Rule 12.2(c)(1)(A), of the Federal Criminal Code and Rules; 3. Failed to investigate the Petitioner, Steven L. Holbrook's psychological background; 4. Failed to subpeona witnesses and records that would have proven to the court that the Petitioner was trying to commit suicide on the day he committed the charged offense; and 5. After discussing the above mentioned issues with the Petitioner, Attorney, Manny K. Atwal, failed to bring these essential and pertinent mitigating factors to the attention of the Government or the Court.

Therefore, the Petitioner, Steven L. Holbrook's constitutional rights were violated by his attorney, Manny K. Atwal. The Petitioner was deprived of the right to receive a downward departure because of his diminished capacity that was warranted by the United States Sentencing Commission Guidelines Manual. The Eighth Circuit Court of Appeals has ruled in order for a Petitioner to prove Ineffective Assistance of Counsel. See, **Glover v. United**

**States**, 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001) e.g., **Alantis v. United States**, 351 F.3d 365, 367-68 (8th Cir. 2003):

> **"The Movant must show that his lawyer performance fell below the minimum standard of professional competence (deficient performance) and there is a reasonable probability that the result of the proceeding would have been different if his lawyer had performed competently (Prejudice)."** See, **Strickland v. Washington**, 466 U.S. 668, 690, 694 (1984).

However, in **Reagan v. Norris**, 279 F.3d 651, 657 (8th Cir. 2002), the court stated the following:

> **"To seek relief the petitioner must show his attorney's unprofessional act 'actually had an adverse effect on the defense' - 'A reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different.'"**

The Petitioner, Steven L. Holbrook, has shown the court with documentation that his stbstantial rights have been violated and the Petitioner should have been afforded the opportunity to produce his mental history record and present them before the court; The Petitioner should have called witnesses to testify pertaining to his suicidal tendency and his Bi-Polar Disorder. And there should have been a psychological evaluation report conducted. All of these facts should have been presented to the court for consideration for the downward departure for Diminished Capacity under 5K2.12, Part-K of the United States Sentencing Commission Manual. Therefore, the Petitioner, Steven L. Holbrook's attorney failed to fully represent the Petitioner and protect his constitutional rights. Moreover, Rule 52(b) and the Writ of Error Coram Nobis was the only avenue open to the Petitioner. The Petitioner's sentence became final on May 24, 2002, and the Pe-

titioner meets all the criteria for a Writ of Error Coram Nobis.

## CONCLUSION

This court should remand Petitioner's case back for an Evidentiary Hearing on the merits and facts, and Resentence the Petitioner in accordance to the Diminished Capacity [5K2.13, Part K - Departure, United States Sentencing Commission Guidelines Manual.

Respectfully submitted,

Steven L. Holbrook, Pro Se
Reg. No. 05021-090
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226

CERTIFICATE OF SERVICE

I, Steven L. Holbrook, do hereby certify that I served a copy of the said motion on:

Hon: Clifford B. Wardlaw
Asst. U.S. Attorney
600 U.S. Courthouse
300 South Fourth St.
Minneapolis, MN 55414

Hon: Manvir K. Atwal
Fed. Public Defender
300 4th Street South, Suite 107
Minneapolis, MN 55415

I am placing said copies in the legal mailbox on this 24th day of October, 2004.

Steven L. Holbrook
Steven L. Holbrook, Pro Se
Reg. No. 05021-090
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226