UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
APR 1 1 2002

NOTICE

RECEIVED
BY MAIL
NOV 0 1 2004
CLERK, US DIST. COURT
ST. PAUL, MN

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>**Steven Lamarre Holbrook,**<br>Defendant. | Docket No. 0:01CR00357-001(ADM) |

The presentence report in the above case is hereby forwarded to counsel for all parties. Pursuant to the attached Local Rule D. MINN. LR83.10 Re Sentencing Procedures Under the Sentencing Reform Act of 1984, the parties and their counsel are also hereby notified of the following deadlines:

1. Written correspondence identifying objections and proposed amendments to the presentence report, or correspondence adopting the findings of the report, are due in the U.S. Probation Office and office of opposing counsel on or before **April 22, 2002**; and

2. Position pleadings, if required, are to be filed with the Clerk of U.S. District Court and served on the U.S. Probation Office and office of opposing counsel on or before **April 29, 2002**.

A copy of this Notice is being sent to the judge's calendar clerk.

Dated: **April 8, 2002**

Craig A. Madson
United States Probation Officer
406 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415-1320
Telephone 612/664-5366

SCANNED
NOV 0 1 2004
U.S. DISTRICT COURT ST. PAUL

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America

v.

Docket No. 0:01CR00357-001(ADM)

**Steven Lamarre Holbrook**

## PRESENTENCE REPORT

Prepared For: The Honorable Ann D. Montgomery
U.S. District Judge

Prepared By: Craig A. Madson
U.S. Probation Officer
406 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415-1320
Telephone: 612/664-5366

Assistant U.S. Attorney
Clifford B. Wardlaw
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: 612/664-5600

Defense Counsel
Manvir K. Atwal
Federal Public Defender
300 4th Street South, Suite 107
Minneapolis, MN 55415
Telephone: 612/664-5858

Plea/Verdict: On February 5, 2002, the defendant entered a guilty plea to Count 1 of the Indictment.

Offense: Bank Robbery, in violation of 18 U.S.C § 2113(a); a Class C felony.

Statutory Penalty: Not more than 20 years imprisonment; a $250,000 fine; a 3-year term of supervised release; and a $100 special assessment.

Mandatory Minimum: No

Plea Agreement: The parties agree the defendant meets the criteria for Career Offender resulting in an offense level of 32. The parties anticipate a 3-level reduction for acceptance of responsibility. With a total offense level of 29 and criminal history category VI, the anticipated guideline imprisonment range is 151 to 188 months. The parties agree that the plea agreement is not binding on the Court. The parties agree to

51. The defendant and Ms. Belland have one daughter, Jordyn Holbrook (age 5), through their relationship who currently resides with Ms. Belland in Hastings. Ms. Belland also has two children, Jeremy Belland (age 17) and Jessica Belland (age 14), through a previous relationship. Ms. Belland is employed full-time by Account Temps in St. Paul, Minnesota. Dakota County Court records reflect the defendant is currently ordered to pay $337 per month child support.

52. Ms. Belland was interviewed telephonically and corroborated the above information. Ms. Belland describes the defendant as a compassionate, talented, and beautiful person with a terrible addiction. She considers him to be a very good [husband] and father who is more dangerous to himself than others when he is using drugs. Ms. Belland further states that the defendant has made several attempts to address his drug addiction in the past only to relapse later. She believes that, at the time of the instant offense, the defendant was suicidal and he hoped he would be killed by the arresting officers. Ms. Belland reports she and their daughter are in a lot of pain over the defendant's incarceration and believes they are also being punished as he is unable to maintain employment and pay child support.

53. Upon release from imprisonment, the defendant intends to reside with Dawn Belland in Hastings.

**Physical Condition**

54. While committing the instant offense, the defendant received second degree burns over his groin area when a dye-pack he had placed in his pants exploded. The defendant has received treatment while in custody, and his burns are reportedly still healing with the aid of medicated cream. The defendant maintains he is otherwise healthy and is not under a doctor's care at this time.

**Mental and Emotional Health**

55. The defendant reports that he received individual counseling services as a juvenile when he moved back to Minnesota following his mother and stepfather's separation.

56. The defendant further reports that he completed a psychological assessment during his incarceration at the Minnesota Correctional Facility-Stillwater in 1991 and was diagnosed with bi-polar disorder. Records have been requested.

57. Records verified the defendant completed basic and advanced level courses in Nonviolent Conflict Resolution in April and May of 1997.

58. Records indicate the defendant completed a 16-session anger management program while incarcerated at the Minnesota Correctional Facility-Faribault on February 11, 1998.

59. The defendant reports he was previously prescribed Zoloft and Trazedone for his bi-polar disorder in 1995. At that time, he was participating in inpatient chemical abuse treatment through Fairview Southdale Hospital in Edina, Minnesota. The defendant stopped taking the medications after six months as he felt he no longer needed them. He denies taking any prescription psychotropic medication since that time.

60. The defendant reports he is frequently depressed due to his current incarceration and because he has hurt his family by continuing to use drugs. The defendant agrees he may benefit from further individual counseling services.

61. The defendant maintains that gambling has never been a problem for him because he would typically spend his money on drugs and alcohol.

<u>**Substance Abuse**</u>

62. The defendant reports he first began using alcohol and marijuana at age 15. He first used cocaine base at age 24 and began a pattern of daily use shortly thereafter. The defendant admits he committed his first crime in order to obtain money for drugs.

63. The defendant reportedly has received chemical abuse treatment on 14 separate occasions from 1978 to 2000. The defendant states he successfully completed outpatient and inpatient treatment in Minneapolis in 1978. He then completed inpatient treatment in St. Cloud, Minnesota, in 1986. The defendant further reports he completed a combination of inpatient and outpatient treatment through Fairview Southdale Hospital in Edina in 1996.

64. Records show the defendant successfully completed the New Dimensions Alcohol and Drug Treatment Program from March 1997 to December 1997 while incarcerated at the Minnesota Correctional Facility in Faribault.

65. Records confirm the defendant successfully completed the Short Term-Psycho Educational Substance Abuse Treatment Program at the TRIAD Center on January 4, 2000, while incarcerated at the Minnesota Correctional Facility-Lino Lakes.

66. Records further indicate the defendant successfully completed the Damascus Way Re-Entry Center 90-day treatment program in Golden Valley, Minnesota, on May 29, 2000. The defendant again entered Damascus Way on October 10, 2000, and received a general discharge on December 9, 2000, when he left the program on his own accord.

67. The defendant openly admits his chemical dependency. He admits he becomes irrational, argumentative, and aggressive when using alcohol and drugs. The defendant further states that all of his previous arrests occurred while he was under the influence of drugs or alcohol. He is willing to participate in chemical abuse programming offered by the Bureau of Prisons.

**Education and Vocational Skills**

68. Records verify the defendant attended schools in New York, New York; Greensboro, North Carolina; Columbus, Ohio; and Minneapolis, Minnesota, throughout his youth. The defendant reportedly attended the Minneapolis Urban League Street Academy from 1978 to 1979. Records have been requested.

69. Records reflect the defendant received his GED on April 7, 1981, through the St. Paul Technical College.

70. Records indicate the defendant completed the Small Business Program through Rasmussen Business College in Eagan, Minnesota, on June 12, 1992.

71. Records further confirm the defendant attended South Central Technical College in Faribault, Minnesota, while he was incarcerated from 1992 to 1993 and from 1998 to 2000. The defendant earned certification in computer diagnostics and repair on June 23, 1999.

72. Minnesota Department of Public Safety records show the defendant possesses a valid commercial driver's license.

**Military Service**

73. The defendant has no history of military service.

**Employment**

74. The defendant reports he has been employed by approximately 16 different Minnesota businesses from 1992 to 2002 and he admits being terminated on several occasions due to absenteeism related to chemical abuse.

75. The defendant reports he was most recently employed as a truck driver for J&D Express in Eagan, Minnesota, from January 2001 to August 2001. The defendant earned 24 cents per mile and his employment was terminated when the company went out of business.

Re: Steven Lamarre Holbrook

105. The defendant's criminal history category may significantly over represent the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes. A downward departure may be warranted pursuant to §4A1.3.

Respectfully submitted,

Garold T. Ray
Chief U.S. Probation Officer

Craig A. Madson
U.S. Probation Officer

Approved:

Diane M. Levendusky
Supervising U.S. Probation Officer

CAM/plw

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-357(ADM/AJB)

RECEIVED
BY MAIL
NOV 01 2004
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN LAMARR HOLBROOK,

Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and Steven Lamarr Holbrook (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

PLEA AGREEMENT

The defendant and the government agree, pursuant to Rule 11, as follows:

1. The defendant will plead guilty to Count(s) 1 of the indictment, charging 11/20/01 in Dakota county, State and District of Minnesota the defendant did by force and violence and by imtimidation take from the person of the vicitim bank manager of TCf bank approximatley $4,312.00 that were insured by the FDIC in violation of federal law.

SCANNED
NOV 03 2004
U.S. DISTRICT COURT ST. PAUL

2. The guidelines place the offense at severity level 32. The defendant is subject to the career offender section of the sentencing guidelines. U.S.S.G. § 4B1.1.(C). The government recommends there be a reduction of 3 levels for acceptance of responsibility, to level 29. Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The government conditions its recommendation fro acceptance of responsibility on the following: the defendant testifies truthfully at the change of plea; the defendant cooperates with probation during the PSR process; the defendant commits no further criminal offenses and he does not obstruct justice; and, the defendant pays the special assessment of $100 before sentencing.

+2

3. The criminal history category appears to be VI. If the presentence report determines it is otherwise, the realities shall be controlling of the result and the sentencing range.

4. The guideline range for sentencing, from Chapter 5 of the guidelines, appears to be 210-262 months [151 -188 if acceptance of responsibility if found]. The maximum statutory penalty of imprisonment is 20 years.

5. It shall be the judgment of the court whether there shall be a fine. The statutory maximum is $250,000. The guideline range for fines is $17,500 to ~~$17,500~~ 175,000 [or $15,000 to ~~150,000~~

$150,000 if accept...ce of responsibility is fo...nd] as set forth at § 5E1.2(C)(3).

6. The applicable guideline supervised release term is 2 years to 3 years.

7. The defendant is liable to pay a special assessment of $100.00, pursuant to law.

8. It is stipulated that Count 1 is true and correct and that the defendant is guilty of that offense. The defendant, Steven Lamarre Holbrook, did by force and violence and by intimidation take and attempt to take from the person and presence of the victim bank manager of TCF Bank approximately $4,312.00 insured by the FDIC in violation of Title 18, U.S.C. 2113(a).

9. Both parties waive their right to appeal the sentence imposed under the statutes pertaining to sentence guidelines if this agreement is adopted by the court.

10. It is clearly and fully agreed that the guilty plea pursuant to this agreement is a final resolution upon the issue of guilt. There will not be a trial or appeal of any kind upon the issue of guilt, regardless of any dispute regarding the application of the sentencing guidelines.

THOMAS B. HEFFELFINGER
United States Attorney

BY: CLIFFORD B. WARDLAW
Assistant U.S. Attorney
Attorney ID No. 183908

Dated: ______________________________
Steven Lamarr Holbrook
Defendant

Dated: ______________________________
Manny K. Atwal, Esq.
Attorney for Defendant

RECEIVED
BY MAIL
NOV 01 2004
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-357(ADM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN LAMARRE HOLBROOK,

Defendant.

DEFENDANT'S SENTENCING POSITION & PROFFER

The defendant, Steven Lamarre Holbrook, by and through his attorney, Manny Atwal, submits this memorandum setting forth his position with respect to sentencing. Mr. Holbrook is seeking a departure below the sentencing guidelines based on an overstated criminal history.

Mr. Holbrook criminal history points are at 11 with an additional 2 points for recency, putting him a category VI. Morever, under § 4B1.1, he is a career offender. Mr. Holbrook is seeking that the Court consider sentencing under criminal history category V and not as a career offender.

It saddens Mr. Holbrook to look at his prior record and now recognize that drugs played a major role in each of the offenses. Although he knows that drugs aren't an excuse for his prior record, he can't help but think if he was clean and sober, he wouldn't have such a record. At the age of 24, he was convicted of Aggravated Robbery. During the course of the robbery he pointed a knife at the clerk and demanded cash. He returned home and confessed the robbery to his mother. Several day later, when he came down from his high, he turned himself into the police. His next two robberies were when he was 27 years old. They took place on the same day and involved hotels and again a knife was involved, again, Mr. Holbrook was under the influence of

SCANNED
NOV 01 2004
U.S. DISTRICT COURT ST. PAUL

drugs. Finally, when he was 34 years old, he robbed two hotels/motels within a twenty four hour period. Once again, he was under the influence of drugs.

By no means is Mr. Holbrook trying to minimizes his criminal behavior. Clearly, he has a record of robbery since he was the young age of 24 years old. Further he is not trying to minimize his behavior in this case. However, drugs and more drugs have brought him nothing but a temporary high until realities hits, and he recognizes his actions. Each time he has committed an offense, he has entered a plea of guilty and fully admitted his actions.

Not surprising, in this case, he was strung out on crack before robbing the bank. Out of desperation to pay his brother back for a loan (money he used to buy crack), without a weapon, without thinking about the consequences, he robbed the bank.

From speaking to Dawn Belland, the mother of his daughter, she informs me that prior to this bank robbery, Mr. Holbrook told her he was back to using. They both tried to find a treatment for him. However, funding became an issue. Mr. Holbrook had learned enough from his prior treatments to recognize when he was in need of help, unfortunately, he wasn't able to get to treatment fast enough.

I spoke to his one of his former employers, Steve Chadwick with Town Air Freight. Mr. Chadwick was very sadden to hear that Mr. Holbrook was in trouble with the law. It didn't surprise him to hear that Mr. Holbrook was using drugs again. Although he thought Mr. Holbrook was a "good guy" and worker, he knew drugs were a daily issue for Mr. Holbrook. From speaking to family members, they say the same.

Another reason the Court should depart below the guidelines is because the facts of this case are beyond the heartland. After robbing the bank, the teller inserted a dye pack into the money bag. Mr. Holbrook put the bag into his trousers. The dye pack exploded. Mr. Holbrook

suffered severe burns in and around his groin area. Certainly, this is prior punishment that the guidelines do not contemplate. Not only does Mr. Holbrook have a prior record to remind him of is wrongs, but he know has permanent scaring to remind him of his recent offense.

Since being in custody at Sherburne County Jail, Mr. Holbrook has gone from feeling sorry for himself to helping himself understand his behavior and help others around him. At the jail he is known as the "Preacher". He is trying to educate and deter the younger offenders by telling them about his drug use and run in with the law. Mr. Holbrook has turned his attention to the bible, and for the first time has really began to look at himself. He has attending bible studies meetings and AA meetings while he has been in custody. He has really begun to focus on his future and the future he can provide for his daughter.

It is true that Mr. Holbrook has been through treatment programs in the past, however, Mr. Holbrook believes that this time, things will be different. Not only is his maturity a factor, but he has the ambition and motivation to better himself. He definitely wants to receive treatment while in custody with the Bureau of Prisons.

Mr. Holbrook respectfully requests the Court to consider departing down from the guideline given the circumstances surrounding this conviction and his prior record.

Dated: May 20, 2002

Respectfully submitted,

Manny K. Atwal
Attorney ID No. 0282029
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415