**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN HOLBROOK,

Defendant.

Crim. No. 01-357 (ADM/AJB)

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Defendant's self-styled submission entitled "Rule 52(b) Plain Error Motion And Writ Of Error Coram Nobis." (Docket Nos. 33 and 34.[1]) Defendant is asking the Court to vacate his prison sentence in this matter for a variety of reasons. Defendant's request must be summarily denied without reaching the merits of his claims, because he cannot collaterally attack his sentence by the means he is attempting to use – i.e., by a "Rule 52(b) Plain Error Motion" or by an application for a writ of coram nobis.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Defendant cannot circumvent this rule simply by citing Fed. R. Crim. P. 52(b), or seeking a writ of coram nobis.

Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." This Rule does not provide a post-

---

[1] Defendant has apparently filed the same motion (or virtually the same motion) twice, and the Clerk has therefore created two separate docket entries – Docket Nos. 33 and 34. Because the Court can discern no difference between these two submissions, they will be treated together as a single motion.

conviction remedy for prisoners seeking relief from a conviction or sentence; it merely prescribes the standard that must be met before a court can properly consider a potential error not previously raised. See Fruit v. United States, No. CRIM. A. 5:99-00013 (S.D.W.Va. 2001), 2001 WL 34554027 at *1 ("Rule 52(b) is not a method by which a defendant may collaterally attack his sentence"), aff'd 22 Fed.Appx. 333 (4th Cir. 2002) (unpublished opinion); Vol. 28, Moore's Federal Practice, 3rd Ed. (1999),¶ 652.02 ("[a]lthough Rule 52 is not a rule of appellate procedure per se, the purpose of the rule is to define the standards of appellate review in criminal cases"). No argument or authority is cited that would allow a federal prisoner to employ Rule 52(b), rather than § 2255, to collaterally attack his conviction or sentence.

It is even more clear that a federal prisoner cannot attempt to use coram nobis to collaterally challenge his conviction or sentence. The Eighth Circuit Court of Appeals expressly banned that practice in United States v. Noske, 235 F.3d 405 (8th Cir. 2000) (per curiam). See also United States v. Farley, 971 F.Supp. 184, 185 (E.D.Pa. 1997) ("[c]oram nobis is not available to a petitioner in federal custody because relief is available by way of 28 U.S.C. § 2255").

Ordinarily, such a submission would simply be treated and entertained as a motion brought under 28 U.S.C. § 2255. See Baughman v. United States, 301 F.Supp. 509, 510 (D.Minn. 1969) (construing document entitled "52(b) Title 18, U.S.C., Plain Error" to be a motion to vacate sentence brought under 28 U.S.C. § 2255). That will not be done here, however, because it clearly appears that Defendant has deliberately elected not to file a § 2255 motion. During the past several months, Defendant has been repeatedly apprised that the only potential procedure by which he might try to collaterally attack his conviction or sentence in this Court is to bring a motion under § 2255. (See Orders dated July 30, 2004, [Docket No.26], August 23, 2004, [Docket No. 28], and September 17,

2004, [Docket No. 32].) However, Defendant obviously has elected not bring such a motion. Thus, instead of construing Defendant's current application to be a § 2255 motion, and then entertaining it as such, the Court will simply deny the application for the reasons discussed above – i.e., because Defendant cannot collaterally challenge his conviction or sentence by any means other than a § 2255 motion.

Defendant is advised (once again) that if he wants to challenge his conviction or sentence he must file a § 2255 motion on the form prescribed for use in this District. Defendant is again reminded that if he does file a § 2255 motion he must make sure that every single claim that he intends to raise is clearly and separately listed and described in that motion, and he should attempt to explain why his motion is not barred by the applicable one-year statute of limitations.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's submission entitled "Rule 52(b) Plain Error Motion And Writ Of Error Coram Nobis," (Docket Nos. 33 and 34), is DENIED.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 22, 2004.