IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

RECEIVED
BY MAIL
JAN 31 2005
CLERK, US DIST. COURT
ST. PAUL, MN

STEVEN LAMARRE HOLBROOK,

PETITIONER/MOVANT,

V.

UNITED STATES OF AMERICA,

RESPONDENT/PLAINTIFF.

CR 01-357 ADM/AJB
CV 05-201 ADM

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. SECTION 2255

STEVEN LAMARRE HOLBROOK
REG. NO. 05021-090
U.S. PENITENTIARY
P.O. BOX 7000
FLORENCE, COLORADO 81226

(MOVANT - PRO SE)

SCANNED
JAN 31 2005
U.S. DISTRICT COURT ST. PAUL

# TABLE OF CONTENTS


Table of Contents .......................................... i

Table of Cases ............................................ii,iii

Constitutional Provisions, Statutes and Rules .............. iv

Introduction ............................................... 1

Miscarriage of Justice v. Procedural Bar ................... 1

Procedural History ......................................... 2

Allegations of Jurisdiction ................................ 3

Statement as to Waiver, Cause and Prejudice ................ 4

Prejudice .................................................. 4

Movant's Serious Mental Illness of Bi-Polar, and, the Effects ................................................... 4

Movant's Prejudice, Objectively, Unreasonable-Performance & Counsel .................................................... 8

Prejudice To Movant ........................................ 9

Sixth Amendment Violation of Effective Assistance of Counsel .................................................... 11

Unconstitutional Enhancements & Guidelines ................. 13

Judgement Requested ........................................ 14

Conclusion ................................................. 16

## TABLE OF CASES

SUPREME COURT


APPRENDI V. NEW JERSEY, 530 U.S. 511, 515 (2000).............. 13

BELL V. CONE, 535 U.S. ____, 122 S.CT. 1843, 152 L.ED.2D 914 (2002)................................................ 8

BLAKELY V. WASHINGTON, 124 S.CT. 2537, WL 140296 (JUNE 24, 2004)............................................... 13

DAVIS V. UNITED STATES, 417 U.S. 333 (1974)................... 16

DROPE V. MISSOURI, 420 U.S. 162 (1975)........................ 8

EDWARDS V. U.S., 532 U.S. 511, (2000)......................... 13

KIMMELAN V. MORRISON, 477 U.S. 365, 91 L.ED.2D, 305, 106 S.CT. 2574 (1986)............................................ 12

STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L.ED.2D 674, 104 S.CT. 2052 (1986)............................................ 9-12

UNITED STATES V. FRADY, 465 U.S. 152, 102 S.CT. 1584, 71 L.ED.2D ................................................ 4

HILL V. UNITED STATES, 368 U.S. 424 (1962).................... 4


CIRCUIT CASES


FREY V. FULCOMER, 974 F.2D 348 (3RD CIR. 1992)................ 9

GOMEZ V. JAIMET, 74 CRL 176 2A1............................... 10

HALL V. WASHINGTON, 106 F.3D 742 (7TH CIR. 1997).............. 8

HULL V. FREEMAN, 932 F.2D 159 (3RD CIR. 1991)................. 8

MAJOY V. ROE, 269 F.3D 770 (9TH CIR. 2002).................... 9

PARKUS V. DELO, 33 F.3D 933 (8TH CIR. 1994)................... 8

SHAW V. UNITED STATES, 24 F.3D 1040 (8TH CIR. 1994)........... 13

SISTRUNK V. AMMENAKSI, 292 F.3D 669 (9TH CIR. 2002)........... 9

SIMPSON V. U.S., NO 04-2700 (7TH CIR. JULY 16, 2004).......... 14

# TABLE OF CASES

CIRCUIT CASES

VIRGIN ISLAND V. WEATHERWAX, 20 F.3D 572 (3RD CIR. 1994)..... 13

U.S. V. BOOKER, 2004 WL 1535858 (7TH CIR. JULY 16, 2004)..... 14

U.S. V. BURROWS, 872 F.2D 915 (9TH CIR. 1989)................ 8

UNITED STATES V. COXFORD, NO. 2:03-CR-302-PGC, U.S. (D. UTAH 2004)................................................... 14

UNITED STATES V. DE LA FUENTA, 8 F.3D 1333, 1336-37 (9TH CIR. 1993)................................................... 4

U.S. EXREL. RIVERIA V. FRANTZEN, 594 F.SUPP. 198 (N.D. ILL. 1984)................................................... 8

## CONSTITUTIONAL PROVISIONS

Fifth Amendment .......................................... 1-16

Sixth Amendment .......................................... 1-16

## STATUTE AND RULES

18 U.S.C. Section 2113 ...................................... 1-16

28 U.S.C. Section 1746 ...................................... 15

28 U.S.C. Section 2255 ...................................... 1-16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

STEVEN LAMARRE HOLBROOK,

PETITIONER/MOVANT,

V.

UNITED STATES OF AMERICA,

RESPONDENT/PLAINTIFF.

CRIM. CASE NO. 01-357 (ADM)

CIVIL CASE NO. ____________

ANN D. MONTGOMERY,
PRESIDING JUDGE

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. SECTION 2255

## INTRODUCTION:

Comes Now, Steven L. Holbrook, (hereinafter referred to as Movant or Petitioner). Movant was indicted in the United States District Court for the District of Minnesota, on December 3, 2001 on a one Count Indictment, in violation of 18 U.S.C. §2113(a), Bank Robbery.

On February 5, 2002, Movant pled guilty to Count one in the indictment. A Pre-Sentence report was ordered some records were requested, however never retrieved. On June 6, 2002, Movant was sentenced to One Hundred and fifty-one (151) months. No direct appeal was filed, as Petitioner and the Government waived their right to appeal the sentence imposed under the statute pertaining to sentencing guidelins of the plea agreement.

## MISCARRIAGE OF JUSTICE V. PROCEDURAL BAR:

However, the Petitioner, Steven L. Holbrook, has filed motion(s) with this Court and withdrew them at the advise of the Court. The Court's urged the defendant to withdraw his past mo-

tions of Rule 33 and 52(b) and the amendment's. The Court urged movant to file them under Title 28 U.S.C. §2255 and that they would be heard if movant could explain why he should not be procedurally barred by the one year statute of limitations. Movant requests to be excused from this Procedural Barring, because it would be a grave **Miscarriage of Justice** to not allow the issue(s) to be heard.

Movant requests to be excused form his procedural barring due to the fact that; 1.) Movant was literally not aware of the process; 2.) Movant suffered from a lack of mental stability; 3.) The mental instibility that movant wants to be heard is what movant is challenging; 4) Movant has an "Actual Innocence" claim if Movant's mind was not there then neither was movant; and 5.) To not allow Movant to be heard on the merits would be a grave "Miscarriage of Justice."

If defendant is convicted and/or sentenced without allowing a reasonable opportunity for him to offer evidence relevant to his impairment and the court's application of the sentencing guidelines, it is Unconstitutional. We contend that the American disability Act (ADA) simply codified a principle of due process and fundamental fairness that was already present in the United States constitution.

PROCEDURAL HISTORY:

On December 3, 2001, a One Count indictment was filed in the District of Minnesota charging the defendant, Steven L. Holbrook, with Bank Robbery on November 20, 2001, in violation of

18 U.S.C. 2113(a).

On February 5, 2002, the defendant appeared before U.S. District Judge Honorable Ann D. Montgomery and entered a plea of guilty to Count 1. From that point on, a Pre-sentence Report was ordered. In the Pre-sentence report it was made aware that there was/is an issue of competency and mental instability of the defendant. The mental health records were requested, however, they were never received or nothing was ever done. On June 6, 2002, the defendant was sentenced to One Hundred and Fifty One months, (151), and sent to the Federal Bureau of Prisons (BOP. Who then sent the defendant to the Maximum Security Prison United States Penitentiary Florence, U.S.P. Florence, in Florence, Colorado, where the defendant is in custody today.

ALLEGATIONS OF JURISDICTION:

Movant contends that this court has the Jurisdiction to entertain, rule on the merits, and grant relief in the claims presented herein under the provisions of Title 28 U.S.C. Section 2255.

> **"A federal prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence imposed is in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate set aside or correct the sentence."**

28 U.S.C., Section 2255.

In general such a rule is available only for a Constitutional error, a lack of jurisdiction in the sentencing court, or an error

of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Accord Davis v. United States, 417 U.S. 333, 346 (1974): Hill v. United States, 368 U.S. 424, 428 (1962).

Movant asserts his claims in this section 2255 motion which, if true clearly brings into question the validity of his conviction and or sentence. Movant contends that each of the presented claims involve errors of Constitutional Magnitude which entitles his relief by way of Section 2255.

STATEMENT AS TO WAIVER, CAUSE AND PREJUDICE:

Movant did not bring these claims on direct appeal because the facts set forth were not material then as they are with the new law in **Blakely v. Washington**, 124 S.Ct. 2537 (2004)(2004 WL 140269 U.S. June 24, 2004).

PREJUDICE:

"Prejudice" is established within the meaning of **United States v. Frady,** 463 U.S. 152, 102, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), as construed in case law such as **United States v. De La Fuente**, 8 F.3d 1333, 1336-37 (9th Cir. 1993) by the fact that absent relief from this court, Movant's sentence is in violation of the Fifth and Sixth Amendment to the United States Constitution and the laws of the United States.

**MOVANT SUFFERS FROM A SERIOUS MENTAL ILLNESS/BIPOLAR DISORDER WHICH AFFECTED MOVANT'S CRIME AND TRIAL PROCESS**

Movant Steven Lamarre Holbrook, suffers from a serious mental illness that did affect movant's crime and mind to reason, as well as frame of mind at the time of the trial process.

Movant suffers from a very serious illness, Bipolar disorder. An illness that he was first diagnosed with in the Minnesota Department of corrections back in 1990, he believes. Movant was treated with different therapies and treatments including medications for this illness.

Bi-polar disorder is a serious illness in which doctors are still unsure exactly how it comes about. It could be something that a person is born with due to chemical imbalance in the brain, or it can come from a traumatic experience that a person goes through that affects the brain. A person that is diagnosed with this illness looses the ability to function normally as a regular citizen at least temporarily. Thus causing movant to suffer from several different symptoms that diverts a person from having the proper cognitive thinking and behavior process that a normal person without this type of illness would not have.

Some of the symptoms are lack of concentration, delusions, ruminating thought process, nightmares, compulsiveness, anger, depression, fear, anxiety attacks and what looks to be extreme sadness or happiness for no apparent reason, ect... Some of the physical symptoms are headaches, problems urinating and making bowel movements, heat flashes, sexual discomforts, etc...

All these symptoms physical, mental and emotional, increase a persons propensity to develop other psychological and mental disorder symptoms and usually are degenerative however can be treated.

However, with most if not all of the medication there are the dreaded side affects that come with the medication that is

offered as a form of treatment. Movant Holbrook was treated with medication as soon as he was diagnosed with Bi-polar back in 1990. some of the medication has positive results. Some of the medication increased the obsessive compulsiveness, phobia, and subjectivity, which then caused increased fear and stress as well as other symptoms.

Movant was going through this and being treated with medication prior to the charged crimes. Movant removed himself from the medication improperly due to some of the side affects and his thinking illogically that he did not want or need the medication anymore, back in 1997-1998.

Movant was going through it at the time of the crime and at the time of the trial process. Steven L. Holbrook, committed this crime while at the same time attempting to commit "suicide". See, (Exhibit #2), Pre-Sentence Report, paragraph #52, which states the following:

> She believes that:
>
> "At the time of the instant offense, the defendant was suicidal and he hoped that he would be killed by the arresting officer."

Moreover, the petitioner, Steven L. Holbrook has a history of "Mental Instability" by being diagnosed with "Bi-Polar Disorder." See, (Exhibit #2), Presentence Report, paragraph #58:

> "Records indicate the defendant completed a 16-session anger management program while incarcerated at the Minnesota Correctional Facility Fairbault, on February 11, 1998."

In the Pre-Sentence Investigation Report, at paragraph #59, it states that the Petitioner, Steven L. Holbrook, was prescribed "Zoloft" and "Trazedone" for his "Bi-Polar" disorder, in 1995.

See, (Exhibit #2), Pre-Sentence Report, paragraph, #59.

Therefore, due to the fact of the essential and pertinent mitigatig factors, the Petitioner, Steven L. Holbrook, should have received a psychological evaluation under Rule 12.2(c)(1)(A), in order for the Court to determine if the Petitioner qualified for a "Downward Departure" under Part-K of the United States Sentencing Commission Guidelines Manual, 5K2.13, Diminished Capacity, (Policy Statement):

> "A sentence below the applicable guidelines range may be warranted if the defendant committed the offense while suffering from significantly reduced mental capacity."

(Application Note):

> "Significantly reduced mental capacity means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason: or (B) control behavior that the defendant knows is wrong."

The Petitioner, Steven L. Holbrook, was mentally demented at thetime of committing this crime and was anticipating and expecting death to be the outcome of this crime. Had the court provided the Petitioner, Steven L. Holbrook, the opportunity to subpeona the records of his long history of mental illness and provided witnesses on his behalf at sentencing, there may have been a different outcome in the proceedings. Due to the facts and circumstances of the Petitioner having; (1) Bi-Polar disorder; (2) Suicidal tendencies; (3) Emotional and Anger problems; (4) Chemical Dependence; and (5) Petitioner, Steven L. Holbrook, had quit taking medications "Zoloft" and "Trazadone." These facts would have permitted the court to find the Petitioner was psycho-

logically qualified for the downward departure under Part-K, Diminished Capacity, under the U.S. Sentencing Guidelines.

**MOVANT WAS PREJUDICED BY THE OBJECTIVELY, UNREASONABLE PERFORMANCE OF COUNSEL DURING THE TRIAL COURT PROCESS WHEN COUNSEL FAILED TO ALERT THE COURT OF MR. STEVEN L. HOLBROOK'S MENTAL CONDITION AND HISTORY. THE COURT SHOULD HAVE DONE SOMETHING.**

The majority of the circuits unanimously agree that counsel's failure to investigate her clients mental condition, where it is apparent from either previous evaluations that the defendant may suffer from mental problems or defendant's own admission amounts to ineffective assistance of counsel. See, e.g., **Hall v. Washington**, 106 F.3d 742 (7th Cir. 1997); **Parkus v. Delo**, 33 F.3d 933 (8th Cir. 1994); **Hull v. Freeman**, 932 F.2d 159 (3rd Cir. 1991); **U.S. ExRel. Riveria v. Frantzen**, 594 F.Supp. 198 (N.D. Ill. 1984); **U.S. v. Burrows**, 872 F.2d 915 (9th Cir. 1989).

Indeed, the Supreme Court found in **Drope v. Missouri**, 420 U.S. 163, 180 (1975), that "a combination of facts raised 'sufficient doubt' as to the defendant's level of competency such that a hearing was required...." The Court went on to conclude that "in the light of the defendant's attempted suicide during trial, the state court erred in failing to suspend the defendant's trial in order to conduct a psychiatric evaluation: Id. at 180. The Court noted that "a trial court must always be alterted to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial. Id. at 181.

As the Supreme Court recognized in the case of **Bell v. Cone**, 535 U.S. ____, 122 S.Ct. 1843, 1854, 152 L.Ed.2d 914 (2002), "the

practice of law is not a mechanical exercise and an inquiring court must leave ample room for variations in professional judgement. By like token, a reviewing court must not lean too heavily on hindsight: a lawyer's acts and omissions must be judged on the basis of what he knew, or should have known at the time his tactical choices were made and implemented." Failing to pursue this matter was deficient.

PREJUDICE TO MOVANT:

For this purpose, an error generally is considered prejudicial if there is a strong possibility that it affected the outcome of the trial. **Strickland**, at 693, 694. Consequently, this court must consider, on whole-record review, whether the trial might have ended differently absent the lawyer's blunder(s).

It has been held that in a borderline case, even a relatively small error is likely to tilt the decisional scales. See, e.g., **Frey v. Fulcomer**, 974 F.2d 348, 369 (3rd Cir. 1992). The error here - failing to acknowledge and alert the court of Movant's instability was not small, but monumental.

This information is not as much newly discovered as it is newly used, for the defendants Attorney had this information in her hands and did nothing with it. **Majoy v. Roe**, 269 F.3d 770 (9th Cir. 2002), and **Sistrunk v. Ammenaksi**, 292 F.3d 669 (9th Cir. 2002). Based on statements and reasoning of **Sistrunk**, and **Majoy**, the Court said that "we hold that habeas petitioner's may pass **Schulp**'s test by offering newly presented evidence of actual innocence. The medical records that were in the Petitioner's possession, but were not presented by counsel at the trial could be considered in determining the merits of actual innocence claim

the court concluded. The same was said in the **Gomez v. Jaimet**, 74 Crl 176 2A1. The Court should have been aware of the defendant's mental illness or the court was aware and did nothing.

The court has to consider evidence such as irrational behavior as well as, any medical or psychological data that might bear on the defendant's criminal proceedings to whether the defendant is innocent or guilty, sand or insane, and what affect the defendant's mental state played on the crime in which the defendant was accused of, and pleaded to.

The defendant proclaims that these steps were not taken when there was sufficient evidence known to the criminal justice system, the court and the defense attorney, that the defendant suffered from a mental illness that did affect his criminal activity.

Had this evidence and information been presented properly, this not only could have brought a different result to the innocence or the guilty plea, it also could have resulted in the defendant receiving a major point reduction, and receiving the proper treatment recommended by the court at sentencing, which may still be needed by the defendant.

It should not have been assumed that this mental illness meant nothing or that he just did the crime because he was on drugs. In this case, drugs were just a way of coping with his present mental illness, which had not been addressed properly before by the system.

Bi-Polar disorder is a disorder of people who experience episodes of both mania and depression, or mania alone. (See, Abnormal Behavior by Dr's Gerald C. Davidson and John M. Neale two of the country's top Dr.'s and Psychologist and Psychiatrist, with

over 1,000,000 books sold used by all the top students and doctors in the field).

These doctor's and an evaluation would have shown that these actions by the defendant are due to the neglect of his mental health condition, and that they could have more than likely have been treated and or cured with the proper held and treatment. this should have been recommended by the court, and would have cost the court less money and time, and properly could have cured the defendant his behavior at least.

**THE CONVICTION AND SENTENCE OF MOVANT IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL**

The performance of counsel for movant fell below an objective standard of reasonableness during the trial and sentencing process.

In **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel cliams. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: 1) That counsel's performance fell below an objective standard of reasonableness; and 2) That there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceedings would have been different. Id. 466 U.S. at 688-689.

The Court stated that, "Judicial scrutiny of counsel's performance must be highly differential" and added that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." The Court clarified that this reference to highly deferential scrutiny re-

ferred only to the first or second performance prong of the test and meant that;

> "...the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

Movant contends that counsel's action and/or omissions in the instant case, even applying the highly "deferential scrutiny test" cannot be considered "sound trial strategy."

In **Kimmelan v. Morrison**, 477 U.S. 365, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986) the Court found that:

> "Viewing counsel's failure to conduct any discovery from his perspective at the time he decided to forego that stage of pretrial preparation and applying heavy measure of deference, to his judgement, we find counsel's decision unreasonable, that is, contrary to prevailing professional norms...."

Id. at 477 U.S. 358.

In other words, the Court determined that counsel's omissions were not part of any trial strategy or trial tactics because they had not been taken after through investigation of the law and facts relevant to all plausible options available to counsel. From this, the Court determined that the omissions were professionally unreasonable and had caused counsel's performance to fall below the objective standard of **Strickland**. Id. at 385-387.

In short, no deference due to counsel's actions, and the performance of counsel falls below the **Strickland** objective standard of reasonableness if counsel's specific acts or omissions are not demonstrably the result of actual strategic choices made between or among all plausible options "after through investigation of the law and facts."

If the record does not "conclusively" demonstrate "strategic

reasons" for counsel's failures, the district court entertaining a motion under 28 U.S.C. Section 2255 must hold an evidentiary hearing. See, e.g., **Virgin Island v. Weatherwax**, 20 F.3d 572, 573 (3rd Cir. 1994); **Shaw v. United States**, 24 F.3d 1040, 1043 (8th Cir. 1994)(Petitioner entitled to evidentiary hearing on claims of ineffective assistance of counsel unless claim inadequate on its face or if record conclusively refutes factual assertion of claims.)

**UNCONSTITUTIONAL, ILLEGAL, APPLICATION OF ENHANCEMENTS UNDER A ILLEGAL, UNCONSTITUTIONAL, FEDERAL SENTENCING GUIDELINES.**

The issues here are plain and clear as well as the argument. Movant was Illegally and Unconstitutionally sentenced and is now serving a sentence that is Illegal and Unconstitutional. The amount of time Movant received is due to the amount of points calculated in the Presentence Reprort (hereinafter known as the PSR). These points that were given through the enhancements in the Federal Sentencing Guidelines have just been declared to be Illegal and Unconstitutional in the New Supreme Court Ruling in **Blakely v. Washington**, 124 S.Ct. 2431 (2004).

In the case at bar, under the recently-recognized **Blakely** mandates regarding the Fifth Amendment (right to proof beyond a reasonable doubt), and the Sixth Amendment (right to a jury trial) of the U.S. Constitution (Constitutional Rights not new have been in existence since 1776), **Apprendi v. Jew Jersey**, 530 U.S. 466 (2000), **Edwards v. U.S.**, 523 U.S. 511, 515 (2000), which embraced and adopted the **Orozco-Prada**, [732 F.2d 1387, 1391 (2nd Cir. 1984)] principle, the awesome case of **Blakely v. Washington**, 124

S.Ct. 2531 (2004), and the Seventh Circuit case of **U.S. v. Booker**, 2004 WL 1535858 (7th Cir. July 9, 2004), and **Simpson v. U.S.**, No. 04-2700 (7th Cir. July 16, 2004). Uphold the issue here of the U.S. Sentencing Guidelines and/or the application of the enhancements in the Sentencing Guidelines are Illegal and Unconstitutional. And they have been for a long time since their existence back in 1984/87.

Some of the circuits have since ruled that the entire Guidelines are Unconstitutional. **United States v. Coxford**, No. 2:02-Cr-302-PGC U.S. (D. Utah 2004) and **United States v. Medas**, 03CR1048 (E.D.N.Y. 2004).

## JUDGEMENT REQUESTED

* Order an evidentiary hearing where he can prove the allegations; herein by (A) His own testimony, (B) The testimony of others, (C) Additional evidence, and (D) Legal arguments to be presented.
* Order that movant is entitled to a new trial.
* Order that movant's conviction be vacated and the indictment **DISMISSED**.
* Order that movant's sentence be reduced back to the minimum without the enhancements.
* Order that Movant be appointed Counsel due to the fact that he is not learned in law, and has no money to pay for representation.
* Order that movant be represented in accordance to the Diminished Capacity § 5K2.13, Part K-Departure, United States Sentencing Guidelines Manual.

**VERIFICATION**

Movant, Steven Lamarre Holbrook, does hereby declare under the penalty of perjury and pursuant to the provisions of Title 28 U.S.C. Section 1746, that he has read the foregoing facts as set forth and that the same is based upon his personal knowledge of the events and that the same is true and correct to the best of my knowledge and recollection.

Signed Under Penalty of Perjury
Pursuant to 28 U.S.C. Section
1746. This 20th day of
January, 2005.

Steven L. Holbrook
Steven Lamarre Holbrook, Pro Se
Reg. No. 05021-090
U.S. Penitentiary Florence
P.O. Box 7000
Florence, Colorado 81226

(Movant in Pro Se)

## CONCLUSION

Movant respectfully asserts that based upon the foregoing premises, records and files herein, this court should grant his motion for relief via provisions of Title 28, United States Code Section 2255 and whatever and further relief that this Court may deem just and proper.

Respectfully submitted,

Steven Lamarre Holbrook
Reg. No. 05021-090
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado 81226

Movant - Pro Se)