UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-357 (ADM/AJB)
Civ. No. 05-201 (ADM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>STEVEN LAMARRE HOLBROOK,<br><br>Defendant-Petitioner. | ) | GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

Plaintiff, United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney, and Clifford B. Wardlaw, Assistant United States Attorney, submits this memorandum in opposition to Defendant Steven Lamarre Holbrook's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## PROCEDURAL BACKGROUND

On February 5, 2002, defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113. The parties agreed and stipulated that defendant was a career offender with an offense level severity at 32, a three level reduction for acceptance[1], a total offense level of 29, criminal history VI, and guideline range of 151-188 months. (Docket No. 21). The maximum statutory penalty of imprisonment was 20 years. Id. On May 24, 2002, this Court sentenced defendant to 151. See Judgment in a Criminal Case at 2. Defendant's conviction became final ten days later, on June 4,

[1] If the Court did not find acceptance of responsibility, defendant's guideline range would have been 210-252 months.

2002, because he did not file a direct appeal. Defendant also did not file an initial motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He had one year from June 4, 2002, (or until June 4, 2003) to do so. See U.S. v. Holbrook, Cr. No. 01-357 (ADM/AJB), Criminal Docket.

On August 9, 2004, defendant filed a pro se motion entitled "Rule 33 Newly Discovered Evidence, or Newly Presented Evidence," challenging the validity of his criminal conviction. (Docket No. 27). He claimed that he received ineffective assistant of counsel because his attorney failed to raise any issues regarding his mental competency. Id. The Court denied defendant's motion finding that "[b]ecause Defendant is seeking relief based on a claim of ineffective assistance of counsel, (and not a claim of newly discovered evidence[2]), he cannot bring a motion under Fed. R.Crim.P. 33 at this late date." See Memorandum and Order dated August 23, 2004, at 1. The Court construed defendant's pleading to be a motion for relief from his conviction and sentence brought under 28 U.S.C. § 2255. The Court provided defendant with an opportunity to either withdraw his submission, or file a new motion under § 2255 and explain why he was not barred from relief pursuant to the one-year statute of limitations. Id. at 2-3.

[2] The Court noted in its Order that defendant candidly acknowledged that the information relied upon in his submission was not as much "newly discovered" as it was "newly used".

On January 31, 2005, defendant filed a motion to vacate, set aside or correct pursuant to § 2255, attacking his conviction and sentence. Defendant claims that he received inadequate legal representation at trial because his attorney did not raise any issues concerning his mental incapacity during his prosecution, which is the same claim he raised in his Rule 33 Motion in August 2004. Defendant also claims that his sentence is illegal in light of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005), where the Court held that the Sixth Amendment right announced in Blakely v. Washington, 542 U.S. —, 124 S. Ct. 2531 (2004),[3] was applicable to the U.S. Sentencing Guidelines and declared unconstitutional the portions of the Guidelines which make them mandatory. As explained below, defendant's motion should be denied.

ARGUMENT

I. DEFENDANT'S MOTION UNDER § 2255 IS TIME-BARRED AND SHOULD BE DISMISSED

Pursuant to 28 U.S.C. § 2255[4], defendant had until June 4, 2003, to file his habeas motion. Defendant filed this untimely

---

[3] Blakely and Booker are based on a line of cases starting with Jones v. United States, 526 U.S. 227 (1999), and continuing through Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002).

[4] On April 24, 1996, the Antiterrorism Effective Death Penalty Act (AEDPA) went into effect, limiting the time period for filing § 2255 motions to one year from various triggering events. See 28 U.S.C. § 2255, subsections (1)-(4).

motion on January 31, 2005, over a year and one-half late. Defendant's petition is untimely under § 2255(1). See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)("district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations . . . of 28 U.S.C. § 2255 as amended by the [AEDPA]").

Defendant argues that he should be excused from this procedural bar because he was not aware of the process, suffered from a lack of mental stability, has an "actual innocence" claim, and that it would be a miscarriage of justice if he was not heard on the merits. Defendant's § 2255 Memorandum at 2. Defendant's reasons for submitting his motion late are conclusory, and fail to establish a substantive reason why he should be allowed to file his motion out of time.

"Equitable tolling is proper **only** when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460 463 (8th Cir. 2000), cert. denied, 122 S. Ct. 145 (2001), reh'g denied, 122 S. Ct. 1132 (2002) (emphasis added). Equitable tolling was not warranted where an unrepresented prisoner alleged lack of legal knowledge or legal resources. Id. at 463. "The party seeking to establish tolling typically carries that burden[.]" Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

In Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), the Sixth Circuit developed a test, indicating that five factors should be used to determine whether it is appropriate to equitable toll the one-year filing limitation in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
>
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> (3) diligence in pursuing one's rights;
>
> (4) absence of prejudice to the respondent; and,
>
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claims.

Defendant is unable to satisfy the above requirements.

As shown by his recent § 2255 motion and memorandum of law, defendant is able to articulate his ineffective assistance of counsel claim and Booker arguments. Defendant's alleged mental instability has not prevented him from submitting comprehensive legal papers, setting for a procedural and factual background, legal authority, and argument. Defendant makes no claim of an unconstitutional violation or government impediment that prevented him from filing a timely motion other than he wants to be heard on the issue of his alleged mental instability. Defendant has not met his burden by demonstrating that he diligently pursued his habeas claims, and the Doctrine of Equitable Tolling should not be applied to this case.

## II. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE BOOKER DOES NOT APPLY RETROACTIVELY TO CASES ON COLLATERAL REVIEW

Given the Supreme Court's recent decision in Booker, defendant essentially claims constitutional error in his sentence because it was based on facts found by the district court and imposed under the mandatory Guidelines regime. He argues that the Federal Sentencing Guideline enhancement points he received (apparently as a career offender) are now illegal and unconstitutional in light of in Blakely and now under Booker.

Defendant's § 2255 motion should be denied because the Supreme Court has not made Booker or Blakely applicable retroactively to cases on collateral review.[5] This Court in United States v. Falodun, 2004 WL 2397612, Crim. No. 01-380 (1) (ADM/RLE)(D.Minn. 2004), and Judge Doty in United States v Stoltz, 325 F.Supp.2d 982 (D.Minn 2004), and other courts have concluded that Blakely's rule, (as extended to federal cases by Booker), is not retroactively

---

[5] The Eighth Circuit has not yet directly addressed whether Blakely or Booker apply retroactively to cases on collateral review. Courts addressing the issue have all concluded neither Blakely nor Booker applies retroactively to cases on collateral review because the Supreme Court has not so directed. See Green v. United States, – F.3d – , 2005 WL 237204 (2d Cir. Feb. 2, 2005) (neither Blakely nor Booker applies retroactively to cases on collateral review); In re Anderson, – F.3d –, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005) (same); McReynolds v. United States, – F.3d –, 2005 WL 237642, *1 (7th Cir. Feb. 2, 2005) (Booker does not apply retroactively to cases on collateral review); Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)(Blakely not applicable to second or successive cases on collateral review); Cook v. United States, 386 F.3d 949 (9th Cir. 2004) (same); Cuevas v. Derosa, 386 F.3d 367 (1st Cir. 2004) (same); Leonard v. United States, 383 F.3d 1146 (10th Cir. 2004)(same).

applicable on collateral review, and cannot be an actionable ground for relief under § 2255.

In Blakely, the Supreme Court held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). Recently, the Supreme Court, in Booker, held the federal guidelines' system of judge-found enhancements violated the Sixth Amendment as construed by Blakely. Booker, 125 S. Ct. at 749-50. To remove this Sixth Amendment impediment, the Supreme Court excised Title 18, United States Code, Section 3553(b)(1), the provision of the Sentencing Reform Act that had made the Guidelines mandatory. Id. at 756-57. In so doing, the Supreme Court thereby rendered the Guidelines effectively advisory.

Here, defendant's conviction became final on June 4, 2002, well before the issuance of Blakely (on June 24, 2004) and Booker (on January 12, 2005). The Supreme Court has long held its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984)(custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1981), not applicable to cases on collateral review); Michigan

v. Payne, 412 U.S. 47 (1973)(prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

Whether Blakely and Booker constitute new rules of constitutional law, the Supreme Court did not announce, as required by section 2255, they should be retroactively applied to cases on collateral review. See Booker, 125 S. Ct. at 769; Blakely, 124 S. Ct. 2531. In fact, Booker noted its holdings applied to "all cases on direct review," but made no explicit statement of its retroactive application to collateral cases. Booker, 125 S. Ct. at 769. Similarly, in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), an opinion issued on the same date as Blakely, the Supreme Court strongly implied that Blakely is not to be applied retroactively.

Summerlin held Ring v. Arizona, 536 U.S. 584 (2002), which extended the application of Apprendi v. New Jersey, 530 U.S. 466 (2000), to facts increasing a defendant's sentence from life imprisonment to death, did not have retroactive application to cases on collateral review. 124 S. Ct. at 2526; see also Blakely, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting)(recognizing the Court's holding in Summerlin "that Ring (and *a fortiori* Apprendi) does not apply retroactively on habeas review").

Even if the present application is construed as one for an initial section 2255 petition, it would be barred by Teague v. Lane, 489 U.S. 288 (1989) and United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002). Booker constitutes a "new constitutional rule of criminal procedure" which, under Teague, is not retroactively applicable to cases that became final before the decision was announced.[6] In Teague, the Supreme Court held only "watershed" procedural rules, defined as those "without which the likelihood of an accurate

---

[6]In her dissenting opinion in Blakely, Justice O'Connor opined Blakely might be viewed as merely an application of the rule announced in Apprendi so that "all criminal sentences imposed under the federal . . . guidelines since Apprendi . . . arguably remain open to collateral attack." 124 S. Ct. at 2549. However, the Supreme Court has defined a "new rule" under Teague as one that was not "'dictated by precedent existing at the time the defendant's conviction became final.'" Graham v. Collins, 506 U.S. 461, 467 (1993) (quoting Teague, 489 U.S. at 301 (emphasis in Teague)). Subsequent decisions have clarified a rule may be "new" although earlier cases supported it, Sawyer v. Smith, 497 U.S. 227, 236 (1990), "or even control or govern" it, Saffle v. Parks, 494 U.S. 484, 491 (1990).

conviction is seriously diminished," apply to sentences that have become final after direct appeal. Id. at 313.

Although the Supreme Court has not explicitly addressed whether Blakely or Booker is a watershed procedural rule, the Court considered a similar issue in Schriro v. Summerlin, 124 S. Ct. 2519 (2004). In Summerlin, the Court considered whether the rule announced in Ring v. Arizona, 536 U.S. 584, 602 (2002), applied retroactively to cases on collateral review. Like Blakely, Ring applied Apprendi to a state's sentencing scheme. In Ring, the Supreme Court struck down an Arizona law permitting a judge, rather than a jury, to find the existence of certain aggravating factors warranting imposition of the death penalty. Id. at 609. The Ninth Circuit Court of Appeals subsequently concluded Ring had announced a substantive rule or, in the alternative, a watershed procedural rule, and applied Ring retroactively to a case on collateral review. Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003).

The Supreme Court, however, rejected the Ninth Circuit's reading of Ring as it was not a substantive rule altering the range of conduct subject to Arizona's death penalty. Summerlin, 124 S. Ct. at 2523. The Court then held Ring did not announce a watershed procedural rule because it was implausible to believe that "judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice." Id. at 2525 (emphasis in original) (internal quotation marks omitted).

Therefore, Ring promulgated only a procedural rule that should not be applied retroactively to cases on collateral view. Id. at 2526.

The decision in Booker, like Ring, was based on an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000)[7]:

> In Blakely v. Washington, we dealt with a determinate sentencing scheme similar to the Federal Sentencing Guidelines. . . . For reasons explained in Jones, Apprendi, and Ring, the requirements of the Sixth Amendment were clear. The application of Washington's sentencing scheme violated the defendant's right to have the jury find the existence of " 'any particular fact' " that the law makes essential to his punishment. That right is implicated whenever a judge seeks to impose a sentence that is not solely based on "facts reflected in the jury verdict or admitted by the defendant."

Booker, 125 S. Ct. at 749; see also In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (reasoning Blakely and Booker are extensions of Apprendi and are similarly inapplicable to cases already final on direct review). The Eighth Circuit, in accordance with every other court of appeals, has previously held Apprendi did not announce a watershed procedural rule retroactively applicable to cases on collateral review. United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305

[7]Under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum," whether the statute calls it an element or a sentencing factor, "must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001).

Moreover, courts of appeals having considered the issue have concluded neither Booker nor Blakely announced a watershed procedural rule retroactively applicable to cases on collateral review. As succinctly addressed by the Seventh Circuit:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.

McReynolds v. United States, – F.3d –, 2005 WL 237642, *2 (7th Cir. Feb. 2, 2005); see also Humphress v. United States, – F.3d –, 2005 WL 433191 (6th Cir. Feb. 25, 2005); United States v. Lucero, 2005 WL 388731 (10th Cir. Feb. 18, 2005); Varela v. United States, – F.3d –, 2005 WL 367095 (11th Cir. Feb. 17, 2005).

This Circuit's retroactivity analysis of Apprendi is dispositive of its retroactivity analysis of Blakely and Booker. As the Court emphasized in Moss, the prototypical example of a

watershed ruling is the "sweeping rule" announced in Gideon v. Wainwright, 372 U.S. 335 (1963), requiring counsel be provided in all criminal trials for serious offenses. 252 F.3d at 998. Moss reasoned Apprendi did "not fall within the same vein as Gideon's pronouncement that one who is unable to afford a lawyer *cannot* be assured a fair trial unless counsel is provided for him." 252 F.3d at 998 (emphasis in original) (internal citations omitted). The Eighth Circuit concluded:

> we do not believe Apprendi's rule recharacterizing certain facts as offense elements that were previously thought to be sentencing factors resides anywhere near that central core of fundamental rules that are absolutely necessary to insure a fair trial.

Id. Accordingly, this Court should follow Moss to hold Blakely/Booker are simply clarifications of Apprendi, and are unavailable to defendant on collateral review because his conviction became final long before Blakely was decided on June 24, 2004, and Booker, on January 12, 2005.

II. AN EVIDENTIARY HEARING IS UNNECESSARY

"An evidentiary hearing on a § 2255 petition may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Saunders v. United States, 236 F.3d 950, 952 (8th Cir. 2001), quoting 28 U.S.C. § 2255. The government submits that an evidentiary hearing is unnecessary in this matter as the record conclusively demonstrates that defendant is not entitled to the

relief he seeks.

## CONCLUSION

For the foregoing reasons, defendant's motion seeking relief from his sentence under Booker should be denied.

Respectfully submitted,

Dated: March 18th, 2005.

THOMAS B. HEFFELFINGER
United States Attorney

s/Clifford B. Wardlaw

BY: CLIFFORD B. WARDLAW
Assistant U.S. Attorney
Attorney I.D. No. 183908