IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

RECEIVED
BY MAIL
MAY - 2 2005
CLERK, US DIST. COURT
ST. PAUL, MN

STEVEN LAMARRE HOLBROOK,
PETITIONER/MOVANT,

V.

UNITED STATES OF AMERICA,
RESPONDENT/PLAINTIFF.

CRIM. CASE NO. 01-357(ADM)
CIVIL CASE NO. ________

ANN D. MONTGOMERY
PRESIDING JUDGE

**TRAVERSE OF GOVERNMENTS RESPONSE TO PETITIONER'S MOTION PURSUANT TO 28 U.S.C. SECTION 2255**

INTRODUCTION

COMES NOW, STEVEN L. HOLBROOK (hereinafter known as Movant or Petitioner), with traverse of the government's response to Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255.

ARGUMENT

The government has attempted to discredit Movant's claim of mental illness by erroneously alleging that Movant submitted his own legal documents. The government has not provided the court with any evidence to substantiate this claim, therefore it should be declared moot.

Movant meets three requirements out of the five factors that constitute equitable tolling:

(1) The Petitioner's lack of notice of the filing requirement;

(2) The Petitioner's lack of constructive knowledge of the filing requirement; and

SCANNED
MAY 0 2 2005
U.S. DISTRICT COURT ST. PAUL

(3) The Petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claims.

The mental illness issue and the ineffective assistance of counsel claims clearly address all three factors:

For the Court not to investigate the meritorious claims that have established in Movant's 28 U.S.C. § 2255 motion would be a grave miscarriage of justice.

As stated in **U.S. v. Reveron Martinez**, 836 F.2d 684 (1st Cir. 1988) Trial counsel's failure to raise defense of insanity **or diminished capacity** may constitute ineffective assistance of counsel.

**U.S. v. Burrows**, supra, (Trial counsel's failure to investigate defendant's mental state constituted a significant claim of IAC and required district court to conduct an evidentiary hearing).

**Stephens v. Kemp**, 846 F.2d 642 (11th Cir. 1988)(counsel has a duty to familiarize himself with regard to the specific area in which the expert [or expert test] is needed).

**Correll v. Stewart**, 137 F.3d 1404 (9th Cir. 1998)(Trial counsel's failure to present any evidence of Petitioner's mental illness which may have constituted mitigating circumstances required an evidentiary hearing to resolve ineffectiveness of counsel claim).

**Hendricks v. Vasquez**, 974 F.2d 1099 (9th Cir. 1992)(Defense counsel's failure to call witnesses to support defendant's mental impairment defense may constitute IAC and required an evidentiary hearing to develop the facts).

The government has not met the burden of proof by obtaining

an affidavit from counsel, or providing movant and the court with any record that would prevent an evidentiary hearing.

Therefore, movant is requesting counsel, an evidentiary hearing, and a chance to provide the court with Movant's psychological records. Movant still asserts that he was prejudiced by counsel. Under **Strickland**, if attorney would have presented evidence of Movant's mental disorder, there is a strong possibility that a downward departure would have been applied at sentencing. Please see pages 1, and 6 of Exhibit on bi-polar disorder. Also please note the following cases:

**Ivy v. Caspari**, 173 F.3d 1136, 1143 (8th Cir. 1999)(Counsel's failure to advise murder defendant of possible defense of mental illness and failure to bring to Court's attention psychiatrist's report indicating mental disease indicated ineffective assistance.

**U.S. v. McMullen**, 86 F.3d 135, 137 (8th Cir. 1996)(District Court's failure to determine whether defendant's choice of plea was prejudiced by counsel's errors regarding possible sentencing warranted remand".

CONCLUSION

In light of the information provided and the stipulations stated in the Sixth and Fourteenth Amendments of the U.S. Constitution, in conjunction with the (ADA) Movant's rights to a fair and effective court proceeding were clearly violated. For this Court to move in favor of Movant by amending his sentence with the application of a 5K2.13 departure, would prove to be fair and just according federal law.

For the aforementioned reasons Movant prays that his 28 U.S.C. § 2255 motion is granted forthwith.

Respectfully submitted,

Steven Lamarre Holbrook
Reg. No. 05021-090
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado 81226

(Movant - Pro Se)