**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Steven Lamarre Holbrook,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 01-357 ADM/AJB
Civil No. 05-201 ADM

---

Clifford B. Wardlaw, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Steven Lamarre Holbrook, *pro se*.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Steven Lamarre Holbrook's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Docket No. 36].[1] Defendant argues that his mental condition was not properly considered before he was sentenced. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

On February 5, 2002, Defendant pled guilty to bank robbery [Docket No. 20] after entering into a plea agreement with the prosecution [Docket No. 21]. Defendant was sentenced to a 151 month term of imprisonment on May 24, 2002 [Docket No. 23]. In August 2004, Defendant filed a Rule 33 motion [Docket No. 27], raising many of the same issues in his instant Motion, including a claim that he

[1] All docket references are to Criminal No. 01-357.

suffers from mental instability and that the United States Sentencing Guidelines were deemed illegal by United States v. Booker, 125 S. Ct. 738 (2005). After determining that Defendant's Rule 33 motion was improperly characterized, this Court allowed Defendant to withdraw his motion and refile it as a § 2255 motion [Docket Nos. 28, 32]. The Court also reminded Defendant that, should he file a § 2255 motion, he would need to address the apparent failure to file within the one year statute of limitations on § 2255 motions.

## III. DISCUSSION

Defendant's motion is brought pursuant to 28 U.S.C. § 2255. Section 2255 provides persons in federal custody a limited opportunity to collaterally attack the constitutionality, jurisdictional basis or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178 (1979). Defendant argues that, although the one year statute of limitations on the filing of § 2255 motions has expired, he should be allowed to present his Motion. Defendant contends that his sentence should be reduced due to his mental incapacity. Because Defendant's Motion was filed outside the statute of limitations and because United States v. Booker does not apply retroactively to cases on collateral review, his Motion is denied.

### A. Is Defendant's § 2255 Motion Barred by the Statute of Limitations?

Under 28 U.S.C. § 2255, a defendant has one year from the date his conviction becomes final to file the motion. In this instance, Defendant's conviction became final ten days after his sentencing, on June 4, 2002. This marks the end of the time period which Defendant had to directly appeal his conviction to the Eighth Circuit. Consequently, Defendant's window in which to file a § 2255 motion expired on June 4, 2003. Here, the § 2255 motion was filed on January 31, 2005. The statute of

limitations on a § 2255 motion may be extended "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). In Kreutzer, the pro se defendant alleged a lack of legal knowledge and resources; however, the Court held this was not enough to overcome the statute of limitations. Id. at 463. The government suggests the Court follow the five factor test set forth by the Sixth Circuit. These factors include: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).

Under the Dunlap analysis, Defendant can not demonstrate he is entitled to equitable tolling of the statute of limitations. Defendant claims his tardiness is a result of his being unaware of the process and his mental instability. Further, Defendant claims the statute of limitations should be tolled because he has an "actual innocence" claim. Although Defendant claims he was unaware of the § 2255 process, Kreutzer makes clear a lack of knowledge of the legal process is not sufficient to meet Defendant's burden. Defendant claims his mental instability contributed to his failure to timely file his § 2255 Motion; however, this bald assertion is not supported by evidence. Moreover, Defendant's legal submissions clearly demonstrate a familiarity and competency with the legal process. Finally, Defendant's "actual innocence" claim is predicated on the fact that he was mentally incompetent when he committed the crime, and is therefore a mere reiteration of the substance of Defendant's Motion. Because Defendant has failed to show that equitable tolling should apply to his Motion, it must be dismissed.

**B. May Booker Arguments Be Raised On Collateral Review?**

In United States v. Booker, the Supreme Court applied the principles first announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and affirmed in Blakely v. Washington, 124 S. Ct. 2531 (2004). Booker found the system of enhancements established by the USSG violates the Sixth Amendment. See 125 S. Ct. at 749-50. The Supreme Court resolved this conflict by excising the provision of the Sentencing Reform Act that made the USSG mandatory, 18 U.S.C. § 3553(b)(1), effectively rendering the Guidelines advisory. Booker, 125 S. Ct. at 756-57; see also Green v. United States, 2005 U.S. App. LEXIS 1652, *2-3 (2d Cir. February 2, 2005). Although the Supreme Court did not announce whether the arguments set forth in Booker were available on collateral review, courts have consistently held they are not so available. See, e.g., United States v. Shevi, No. 98-257, 2005 WL 661558, *5 (D. Minn. Mar. 22, 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

**1. Does Booker Announce a Substantive or Procedural Rule?**

Although the Supreme Court has stated that new rules apply to all criminal cases on direct review, such rules are only retroactively applicable to cases on collateral review in limited circumstances. Schiro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). While new substantive rules generally apply retroactively, new procedural rules do not. Id. at 2522-23. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." Id. at 2523 (citations omitted) (emphasis in original).

The rule announced by Booker does not alter the range of conduct or the class of persons that the law pursues. Booker simply affects the method for determining the appropriate length of punishment. See Summerlin, 124 S. Ct. at 2523. The Supreme Court has stated "[r]ules that allocate decision making authority in this fashion are prototypical procedural rules." Id. at 2523-24 (holding that a rule requiring a jury rather than a judge to find the facts essential to the death penalty is a procedural rule, while a rule that a particular fact is essential to the death penalty is a substantive rule). Therefore, the rule announced in Booker is procedural, rather than substantive, in nature. Accord Humphress v. United States, 2005 U.S. App. LEXIS 3274, *11 n.1 (6th Cir. Feb. 25, 2005); McReynolds, 2005 U.S. App. LEXIS at *3-7.

**2. Does Booker's Procedural Rule Apply Retroactively to Initial § 2255 Motions?**

In Teague v. Lane, the Supreme Court set forth a three-step analysis for determining whether a procedural rule applies retroactively to cases on collateral review. 489 U.S. 288; see Beard v. Banks, 124 S. Ct. 2504, 2510 (2004). First, the reviewing court must determine the date when the defendant's conviction became final. Id. Second, the Court must decide whether the rule at issue is actually "new." Id. If so, the court must then determine whether the new rule falls into "one of the two narrow exceptions to the Teague doctrine." O'Dell v. Netherland, 521 U.S. 151, 156-57 (1997).

**a. Date Defendant's Conviction Became Final**

"A conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal . . . has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (citation omitted). Defendant was sentenced on May 24, 2002. Defendant did not

file a direct appeal to the Eighth Circuit within the allowed 10 day period. As a result, his conviction was final on June 3, 2002, well before the Supreme Court decided Booker on January 12, 2005.

**b. Was the Rule Announced by Booker "New"?**

For Teague purposes, a rule is "new" if it "breaks new ground." Teague, 489 U.S. at 301. In determining whether a case announces a new rule, a court must ask whether the result was "dictated" by existing precedent at the time the defendant's conviction became final. See id.; Beard, 124 S. Ct. at 2511. In other words, whether "the unlawfulness of [defendant's] conviction was apparent to all reasonable jurists." Beard, 124 S. Ct. at 2511, (quoting Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)).

Because the rule announced by Booker was not dictated by existing precedent at the time Defendant's conviction became final and it was not apparent to all reasonable jurists that his conviction was unlawful, Booker promulgated a new rule. First, the Supreme Court expressly stated that Booker's holding applies to "all cases on direct review." Booker, 125 S. Ct. at 769. Such a pronouncement would not have been necessary were Booker's result dictated by precedent. Second, until Booker was issued, the federal judiciary was deeply divided as to whether the rule announced in Blakely would apply to the USSG.[2] Blakely expressly reserved judgment about the status of the

---

[2] It is illustrative that the Eighth Circuit did not reach a conclusion on the matter. See United States v. Mooney, 2004 U.S. App. LEXIS 16302 (8th Cir. 2004) (granting en banc hearing and vacating the Court's July 23, 2004 opinion and judgment). Furthermore, the Second, Fourth, Fifth and Eleventh Circuits held Blakely did not compel the conclusion that the USSG violated the Sixth Amendment. See United States v. Mincey, 380 F.3d 102 (2d Cir. 2004); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (en banc); United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004); United States v. Koch, 383 F.3d 436 (6th Cir. 2004) (en banc); United States v. Reese, 382 F.3d 1308 (11th Cir. 2004).

USSG. Blakely, 124 S. Ct. at 2538 n.9. Some Circuits, in divided opinions, found the USSG violated the Sixth Amendment. See United States v. Booker, 375 F.3d 508, 515 (7th Cir. 2004) (Easterbrook, J., dissenting); United States v. Ameline, 376 F.3d 967, 984 (9th Cir. 2004) (Gould, J., dissenting). Booker itself was decided over a four-justice dissent. Booker, 125 S. Ct. at 807 (Breyer, J., dissenting) (arguing that factual distinctions "offer a principled basis" for refusing to extend Blakely and Apprendi to the USSG). For all of these reasons, the Court finds Booker was not dictated by existing precedent and reasonable jurists would not have felt compelled to conclude its rule was constitutionally required. See O'Dell, 521 U.S. at 156.

**c. Is Booker's Rule Retroactively Applicable Under an Exception to Teague?**

Procedural rules are not retroactively applicable to cases on collateral review unless they fall into one of Teague's two narrow exceptions. The first exception applies to a rule that "places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, 489 U.S. at 307. This exception is clearly not implicated by Booker's holding. See Humphress, 2005 U.S. App. LEXIS at *6; see also United States v. Moss, 252 F.3d 993, 997 n.3 (8th Cir. 2001) (holding Apprendi does not implicate Teague's first exception).

The second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." O'Dell, 521 U.S. at 157 (quotation omitted). The Supreme Court has defined this exception narrowly to include only a "small core of rules requiring the observance of those procedures that . . . are implicit in the concept of ordered liberty." Id.

Although the Supreme Court has not explicitly considered whether Booker's holding applies retroactively to cases on collateral review, the Court's decision in Summerlin is instructive. Summerlin held that Ring v. Arizona, 536 U.S. 584 (2002), which extended Apprendi to prohibit a judge, rather than a jury, from finding the existence of certain aggravating factors warranting imposition of the death penalty, did not announce a "watershed rule of criminal procedure." Summerlin, 124 S. Ct. at 2524-26; see also Blakely, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in Summerlin, "that Ring (and a fortiori Apprendi) does not apply retroactively on collateral review"). The Court reasoned that Ring did not announce a watershed procedural rule because it was implausible to believe "judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice." Id. at 2525 (emphasis in original) (internal quotation marks omitted). As a result, the Court held Ring was not retroactively applicable to cases on collateral review. See also United States v. Moss, 252 F.3d at 997-1001 (finding that the Apprendi "rule is not of watershed magnitude").

Because Booker, like Ring, is based on an extension of Apprendi, Summerlin's reasoning applies to Booker with equal force. Booker effectively rendered the USSG advisory and provided appellate review to ensure district judges applied the USSG reasonably. As in Ring, "no primary conduct has been made unlawful, and none of the many factors that affect sentences under the Sentencing Guidelines have been declared invalid." McReynolds, 2005 U.S. App. LEXIS at *5. Booker does not shift any decision from judge to jury, or reallocate the burden of persuasion. It only provides judges with more flexibility in applying the guideline system. Consequently, nothing suggests the judicial factfinding at issue in Booker is "either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in Ring." Humphress, 2005

U.S. App. LEXIS at *20-21. As a result, there is no evidence that Booker announced a watershed procedural rule.

For the aforementioned reasons, this Court concludes the rule announced in Booker is not applicable to cases on collateral review. As a result, Defendant's § 2255 Motion must be denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 36] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 6, 2005.